UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODY BROOKS,                                                                13-cv-
    Plaintiff

vs.

COUNTY OF MACOMB
and DR. CLARK,
    Defendants
_____/
ALAN B. POSNER  P27981
KELMAN LORIA, PLLC
Attorneys for Plaintiff
17000 W. 10 Mile Rd., Suite 100
Southfield, MI 48075-2923
Direct Dial: (248) 228-8169
Fax: (248) 228-8875
alposner@kelmanloria.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff complains that:

### JURISDICTION AND PARTIES

1. Plaintiff is a resident of Macomb County, Michigan.

2. Macomb County is a governmental entity located in the Eastern District of Michigan, Southern Division, which at all times pertinent has owned and operated the Macomb County jail.

3. Dr. Clark (female, first name unknown) at all times pertinent was acting as an agent and/or employee of Macomb County with respect to history-taking,

1

examinations, and medical decision-making involving Plaintiff, and/or examined Plaintiff on one or more occasions.

4. Jurisdiction is based on federal question, i.e. the Americans with Disabilities Act of 1990 (ADA), 42 USC §12101 et seq., with respect to Count I. Jurisdiction of Count II and III is based on 42 USC §1983.

## GENERAL ALLEGATIONS

5. On September 18, 2012, Plaintiff began a 180 day jail sentence at Defendant's jail.

6. At that time, Plaintiff suffered from Crohn's disease, congestive heart failure, symptomatic degenerative disc disease with spinal stenosis, severe right knee arthritis, obesity, and sleep apnea.

7. Plaintiff's medical conditions at all times substantially limited her from a variety of major life activities.

8. Plaintiff's substantial limitations included dietary restrictions, great difficulty in and limitations on walking and arising from a chair, inability to arise on her own from a standard toilet seat, inability to sleep except on appropriate bedding, the need for a CPAP machine at night, the need for medications, and other physical restrictions. Plaintiff also required physical therapy for her back condition and injections for her knee condition.

9. At all times pertinent, violating or disregarding Plaintiff's limitations and restrictions results in exacerbation of symptoms and/or the underlying conditions referred to above. These exacerbations are extremely painful, cause great suffering, and if untreated are likely to jeopardize Plaintiff's health and even her life.

10. Shortly after her confinement began, Plaintiff was placed in Defendant's medical unit at the jail.

11. The facilities in Defendant's jail as well as the food provided to Plaintiff, violated her limitations and restrictions, exacerbated her symptoms and/or underlying conditions, and jeopardized her health in the following ways, among others: internal hemorrhage due to flare-up of Crohn's disease, exacerbation of her degenerative disc disease, and inability to sleep properly.

12. Plaintiff requested reasonable accommodations from Defendant for her conditions, including proper diet, bedding, toilet transfer assistance, pain medication, injections, physical therapy, and transport to the hospital as a result of her exacerbated conditions.

13. Defendant denied Plaintiff's requests for accommodation, and specifically prohibited her from taking medication for pain control, provided her a diet that violated restrictions, would not supply a handicap-accessible toilet seat or give assistance in toilet transfers, and provided her with bedding that did not permit her to sleep adequately on account of her medical conditions.

## COUNT I: VIOLATION OF ADA: PLAINTIFF v MACOMB COUNTY

14. The ADA provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132.

15. The ADA defines "public entity" to include "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B).

16. The Macomb County jail is a public entity within the meaning of this statute.

17. The ADA provides that, for purposes of public accommodations, a qualified individual with a disability is anyone with a disability "who, with or without reasonable modifications to rules, policies, and practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

18. At all times pertinent, Plaintiff was a qualified individual with a disability within the meaning of this statute.

19. Under the ADA, Defendant owed the following duties to Plaintiff, among others:

    a) to make reasonable modifications in policies, practices, and procedures that deny equal access to individuals with disabilities, unless a fundamental alteration would result in the nature of the goods and services provided;

    b) remove architectural and structural barriers in existing facilities where readily achievable;

    c) provide readily achievable alternative measures when removal of barriers is not readily achievable;

    d) maintain accessible features of facilities and equipment.

20. In breach of these statutory duties, Defendant violated Plaintiff's rights under the ADA, and these violations also amounted to a violation of Plaintiff's due process rights under the 14th Amendment to the United States Constitution.

21. As a direct and proximate result of Defendant's breach of statutory duties, Plaintiff has suffered exacerbations of the above-described medical conditions, has incurred expense for medical care, and has experienced great pain and suffering, emotional distress, and sense of outrage.

    Plaintiff demands judgment against Defendant in the amount of $2 million or such other sum as is deemed equitable under the circumstances in compensatory and exemplary damages, plus interest (pre-Complaint and pre-judgment), costs, and attorney fees.

**COUNT II: PLAINTIFF v CLARK**

22. Plaintiff incorporates all allegations above.

23. At all times pertinent, Plaintiff had a civil right pursuant to the 8th and 14th Amendments to the United States Constitution to be free from the infliction of cruel and unusual punishment.

20. Deliberate indifference by jail medical personnel to a prisoner's serious medical conditions constitutes cruel and unusual punishment contravening the 8th Amendment.

21. Pursuant to 42 USC §1983, every person who, under color of any statute, regulation, custom, or usage of any State subjects or causes to be subjected any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution shall be liable to the party injured.

22. Defendant Clark was aware from Plaintiff's complaints, appearance, and any records available or reasonably obtainable that Plaintiff had serious and painful medical conditions, and that a substantial risk of serious harm to Plaintiff existed if she did not obtain appropriate medical care and accommodations.

23. In violation of 42 USC §1983 and the 8th and 14th Amendments to the United States Constitution, Defendant Clark was deliberately indifferent to Plaintiff's serious medical conditions, refusing to provide Plaintiff appropriate accommodations or otherwise obtain appropriate treatment for Plaintiff for her medical conditions because, as Clark literally spelled it out to her: "you are in

j-a-i-l."

24. Defendant acted with malice in reckless disregard of Plaintiff's civil rights.

25. As a direct result of Clark's deliberate indifference to Plaintiff's serious medical needs, Plaintiff suffered all of the injuries and damages as alleged in Count I.

Plaintiff demands judgment against Defendant in the amount of $2 million or such other sum as is deemed equitable under the circumstances in compensatory, exemplary, and punitive damages, plus interest (pre-Complaint and pre-judgment), costs, and attorney fees.

## COUNT III: PLAINTIFF v MACOMB COUNTY

26. Plaintiff incorporates all allegations above.

27. At all times pertinent, Dr. Clark was acting pursuant to a custom and/or policy of the County whereby she would disregard, minimize, disbelieve, and/or ignore serious medical needs for accommodations or treatment of inmates even where it was obvious that the inmate was in need of immediate medical attention and/or accommodation and faced a substantial risk of harm if immediate medical attention and/or accommodation was not provided.

28. Further, Macomb County failed to train its medical staff to respond appropriately to requests for medical accommodations that are likely to cause serious harm if not promptly provided.

29. In violation of 42 USC §1983, Macomb County violated Plaintiff's right to be free from the infliction of cruel and unusual punishment by being deliberately indifferent to Plaintiff's serious medical needs and reasonable accommodations for those needs.

30. As a direct result of Macomb County's violation of Plaintiff's right to be free from the infliction of cruel and unusual punishment, Plaintiff suffered all of the injuries and damages as alleged in Count I.

Plaintiff demands judgment against Defendant as sought in Count II.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Kelman Loria, PLLC

By:_/s/*Alan B. Posner*___
Alan B. Posner
17000 W. 10 Mile Rd., Suite 100
Southfield, MI 48075-2923
Direct Dial: 248-228-8169

December 15, 2013